## Abstract of the Decision.

BROKERS—*when sale of secret process to purchaser not procured by broker may not be enjoined.* A broker who has knowledge of the existence of a secret process for refining oil and undertakes as a broker to bring the owners and a prospective licensee together, the principals having the right to sell to another than a licensee procured by the broker without liability for payment of compensation, has no interest in the process, even though his compensation is to be based upon a certain percentage of the royalties arising from the license, and consequently cannot enjoin the sale of the process to a purchaser not procured by him.

Ralph Neufeld (Complainant), Appellee, v. Matilda S. Gudichsen et al. (Defendants).
Nilson Brothers (Cross Complainant), Appellee, v. Matilda S. Gudichsen et al. (Cross Defendants), on appeal of Matilda S. Gudichsen, Appellant.

Gen. No. 23,879.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed May 13, 1918.

## Statement of the Case.

Complainant, Ralph Neufeld, filed a bill to foreclose a second mortgage trust deed made by defendant Matilda S. Gudichsen, covering a flat building owned by her. Nilson Brothers filed an intervening petition and cross-bill seeking to establish a mechanic's lien. The master in chancery, to whom the cause was referred, rendered a report recommending a decree in favor of complainant Neufeld, and finding that Nilson Brothers were entitled to a lien. From a decree of the chancellor in ac-

cordance with the report, Matilda S. Gudichsen appeals.

CHYTRAUS, HEALY & FROST and JOHN PETER BARNES, for appellant.

HYMAN POLONSKY, for appellee Ralph Neufeld.

WILEY & MACK, for appellee Nilson Brothers; WILLIAM R. WILEY, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MORTGAGES, § 544*—*what may be included in decree of foreclosure.* Amounts becoming due pending a hearing on foreclosure may properly be included in the decree.

2. USURY, § 2*—*what constitutes.* Usury is an illegal profit required and received by a lender of a sum of money from the borrower.

3. USURY, § 5*—*what does not ·constitute.* There is no usury in notes secured by a trust deed given a contractor by the owner of a building as part payment, where there is simply an overpayment on the contract after the execution and transfer of the trust deed.

4. BUILDING AND CONSTRUCTION CONTRACTS, § 54*—*when failure of plumbing subcontractor to comply with contract may not be complained of.* The owners of a building cannot complain of the failure of a subcontractor to install a certain make of plumbing fixtures, where the contract is silent as to any particular make, and where the owners frequently observe the installation of the plumbing and make no objection to the character of the equipment.

5. COSTS, § 6*—*who pays.* It is the general rule that the loser pays the costs of the litigation.

6. COSTS, § 6*—*when defendant liable for.* The unsuccessful defendants in a suit to foreclose a second trust deed and cross-bill for a mechanic's lien were properly charged with the costs before the master and with solicitor's fees, in the exercise of the court's discretion, where the payment of such fees was provided for by the trust deed and they were reasonable and customary.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.